In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-21-00239-CR
_____

JAMES EDWARD HAAS, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 128th District Court
Orange County, Texas
Trial Cause No. A180268-R

MEMORANDUM OPINION

James Edward Haas appeals his conviction for possession of a controlled substance, a second-degree felony.[1] After filing the notice of appeal, the trial court appointed an attorney to represent Haas in his

---

[1] *See* Tex. Health and Safety Code Ann. § 481.115(d).

1

appeal. The attorney discharged his responsibilities to Haas by filing an *Anders* brief.[2]

In the brief, Haas's attorney represents there are no arguable reversible errors to be addressed in Haas's appeal.[3] The brief the attorney filed contains a professional evaluation of the record. In the brief, Haas's attorney explains why, under the record in Haas's case, no arguable issues exist to reverse the trial court's judgment.[4] Haas's attorney also represented that he sent Haas a copy of the brief and the record. When the brief was filed, the Clerk of the Ninth Court of Appeals notified Haas, by letter, that he could file a pro se brief or response with the Court on or before May 3, 2022. Haas, however, failed to respond.

When an attorney files an *Anders* brief, we are required to independently examine the record and determine whether the attorney assigned to represent the defendant has a non-frivolous argument that would support the appeal.[5] After reviewing the clerk's record, the reporter's record, and the attorney's brief, we agree there are no arguable

---

[2]*See Anders v. California*, 386 U.S. 738, 744 (1967).
[3]*See id.*; *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978).
[4]*Id.*
[5]*Penson v. Ohio*, 488 U.S. 75, 80 (1988) (citing *Anders*, 386 U.S. at 744).

grounds to support the appeal.[6] Thus, it follows the appeal is frivolous.[7] For that reason, we need not require the trial court to appoint another attorney to re-brief the appeal.[8]

The trial court's judgment is affirmed.

AFFIRMED.

_____
HOLLIS HORTON
Justice

Submitted on March 7, 2023
Opinion Delivered July 19, 2023
Do Not Publish

Before Golemon, C.J., Horton and Johnson, JJ.

---

[6]*See Bledsoe v. State*, 178 S.W.3d 824, 827-28 (Tex. Crim. App. 2005) ("Due to the nature of Anders briefs, by indicating in the opinion that it considered the issues raised in the briefs and reviewed the record for reversible error but found none, the court of appeals met the requirements of Texas Rule of Appellate Procedure 47.1.").

[7]*Id.* at 826.

[8]*See Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). Haas may challenge our decision in the case by filing a petition for discretionary review. *See* Tex. R. App. P. 68.